within six years after such claim first accrues." 28 U.S.C. § 2501 (2000). The Court of Federal Claims concluded that Mr. Mazon's claim for altering his discharge order to reflect a disability discharge accrued in November of 1994, when the ABCMR first dismissed his application on statute of limitations grounds, and Mr. Mazon has produced no evidence to refute the correctness of that finding. Since Mr. Mazon filed his complaint challenging the 2005 ABCMR decision in the Court of Federal Claims in 2006, his complaint arose over eleven years after the 1994 accrual of his claim and is clearly barred by the six year statute of limitations.

We have considered Mr. Mazon's remaining arguments and find them to be without merit.

No costs.

John V. Berry, Berry & Berry P.L.L.C., of Washington, DC, argued for petitioner. Of counsel was Tracie M. Dorfman.

Hillary A. Stern, Senior Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent. With her on the brief were Jeffrey S. Bucholtz, Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director.

Before NEWMAN and LINN, Circuit Judges, and O'GRADY,* District Judge.

### Judgment

PER CURIAM.

This CAUSE having been heard and considered, it is

ORDERED and ADJUDGED:

AFFIRMED. *See* Fed. Cir. R. 36.

Charles Wayne MANNING, Petitioner,

v.

**DEPARTMENT OF HOMELAND SECURITY, Respondent.**

No. 2008–3022.

United States Court of Appeals, Federal Circuit.

Aug. 18, 2008.

Donald A. RECINO, Petitioner,

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

No. 2008–3102.

United States Court of Appeals, Federal Circuit.

Aug. 18, 2008.

* Honorable Liam O'Grady, District Judge, United States District Court for the Eastern District of Virginia, sitting by designation.